**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 13-00607-VAP (SPx)                          Date:  April 11, 2013

Title:     WELLS FARGO BANK, N.A. AS TRUSTEE -v- SALVADOR BRAVO, RICHARD QUINTANILLA, MARCELA QUINTANILLA, AND DOES 1 THROUGH 100, INCLUSIVE
==============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                              None Present
    Courtroom Deputy                                       Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                                            DEFENDANTS:

    None                                                            None

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On April 3, 2013, Pro Se Defendant Salvador Bravo removed this action from the California Superior Court for the County of San Bernardino.  (<u>See</u> Not. of Removal (Doc. No. 1).)  Defendant identified the basis for removal as 28 U.S.C. § 1443, which authorizes the removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  For the reasons expressed below, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

MINUTES FORM 11                                                 Initials of Deputy Clerk ___md___
CIVIL -- GEN                                    Page 1

EDCV 13-00249-VAP (SPx)
WELLS FARGO BANK, N.A. AS TRUSTEE v. SALVADOR BRAVO, RICHARD QUINTANILLA, MARCELA QUINTANILLA, AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of April 11, 2013

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

    Defendant's asserted basis for removal is 28 U.S.C. § 1443.  As Defendant does not purport to be a federal or state officer, he cannot remove under § 1443(2).  See City of Greenwood v. Peacock, 384 U.S. 808, 824 & n.22 (1966).   Actions removed under § 1443(1) must satisfy two criteria.  First, a defendant must assert as a defense "rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights."  Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)) (internal quotation mark omitted).  Second, a defendant "must assert that the state courts will not enforce that right," and support his assertions "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  Id. (quoting Sandoval, 434 F.3d at 999) (internal quotation marks omitted).

    Defendant asserts that California courts' handling of eviction proceedings following non-judicial foreclosure has deprived him of his First, Fifth, Ninth, and Fourteenth Amendment rights to make contracts and access the courts.  (Not. of Removal ¶¶ 7, 40.)  As Defendant has failed to point to federal civil rights granted to

EDCV 13-00249-VAP (SPx)
WELLS FARGO BANK, N.A. AS TRUSTEE v. SALVADOR BRAVO, RICHARD QUINTANILLA, MARCELA QUINTANILLA, AND DOES 1 THROUGH 100, INCLUSIVE
MINUTE ORDER of April 11, 2013

him by statute, he has failed to meet the standard articulated above for removal under § 1443(1).

As no proper basis for removal exists, the Court lacks subject-matter jurisdiction and REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**